## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Angela Nails,<br><br>            Plaintiff,<br><br>v.<br><br>US Bank (USA), N.A.,<br><br>            Defendant. | Case No. 15-cv-4371 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Plaintiff Angela Nails did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP") [Doc. No. 2]). Nails's IFP application is now before the Court and must be addressed before any other action is taken in this matter. Based on the information provided by Nails in her IFP application, the Court finds that Nails qualifies financially for IFP status. That said, this Court lacks jurisdiction over Nails's Complaint and therefore cannot grant her IFP application. *See* Fed. R. Civ. P. 12(h)(3) (providing that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991) ("Subject matter jurisdiction, of course, is a threshold requirement which must be assured in every federal case.").

Nails alleges that she overdrew a bank account she held with defendant U.S. Bank (USA), N.A. ("U.S. Bank"). (*See* Compl. at 1-2 [Doc. No. 1].) Nails mailed a money order to U.S. Bank in the amount of the overdraft, but the money order was not deposited

into Nails's bank account. (*Id.*) Instead, U.S. Bank closed Nails's bank account as delinquent, which in turn has hindered Nails from opening a new bank account elsewhere. *Id.* Nails seeks $10,000 from U.S. Bank for its actions.

As an initial matter, Nails has not identified any grounds for federal subject-matter jurisdiction in her complaint, as required by Rule 8(a) of the Federal Rules of Civil Procedure. Moreover, Nails has not identified any specific legal *claims* she intends to raise in this litigation. It is therefore unclear what cause of action Nails is seeking to invoke in this case, or whether that cause of action arises under state or federal law. As best this Court can tell, however, any plausible claims for relief Nails might be trying to invoke here would not arise under "the Constitution, laws, or treaties of the United States," and so 28 U.S.C. § 1331 does not provide the Court with original jurisdiction over this lawsuit. Nails has not alleged that the parties are citizens of different states, and less than $75,000 is at stake in this litigation (*see* Compl. at 2), and thus 28 U.S.C. § 1332 does not provide a basis for jurisdiction over this lawsuit, either. Moreover, this Court is not aware of any other federal statute granting jurisdiction over the subject matter discussed in Nails's complaint. This action must therefore be dismissed without prejudice for lack of jurisdiction. *See also Nails v. US Bank NA, ND*, No. 13-CV-3145 (DWF/JSM), 2013 WL 6500191 (D. Minn. Dec. 11, 2013) (dismissing similar complaint brought by Nails against U.S. Bank for lack of subject-matter jurisdiction).

2

Finally, this Court notes that, by all indications, a similar lawsuit filed by Nails against U.S. Bank in North Dakota state court has already been dismissed with prejudice, and that dismissal has been affirmed on appeal by the North Dakota Supreme Court. *See Nails v. US Bank (USA) N.A.*, 861 N.W.2d 172 (N.D. 2015) (unpublished table disposition). Under Minnesota law, "[r]es judicata applies as an absolute bar to a subsequent claim when: (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter." *Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011) (footnote omitted). As best this Court can tell from the materials available to it,[1] all four of these prongs are fully satisfied here. The lawsuit filed in North Dakota involved the same factual circumstances and the same parties; the North Dakota action was dismissed with prejudice; and Nails had a full and fair opportunity to litigate her claim. Thus, even if this Court had jurisdiction over the present lawsuit, it would recommend that the matter be dismissed and that Nails's IFP application be denied.

---

[1] The North Dakota Supreme Court opinion affirming the dismissal of Nails's complaint against U.S. Bank does not discuss the content of her complaint. However, the brief filed by U.S. Bank before the North Dakota Supreme Court (which is freely available on the North Dakota Supreme Court's website) makes clear that the complaint in that matter was similar, or perhaps identical, to the complaint filed in this lawsuit. *See* Appellee Brief, http://www.ndcourts.gov/Court/Briefs/20140329.ae1.htm (last visited Jan. 4, 2016).

3

Because the Court lacks jurisdiction over this matter, though, it is recommended that this matter be dismissed without prejudice on that basis.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

2. Plaintiff's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.

Dated: January 4, 2016                    *s/ Hildy Bowbeer*
                                          HILDY BOWBEER
                                          United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.